**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RICHARD CICCOTTO,

Plaintiff,

v. Case No. 6:26-cv-2732

BREVARD COUNTY BOARD OF
COUNTY COMMISSIONERS,
d/b/a SPACE COAST AREA TRANSIT,

Defendant.
_________________________________/

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

Plaintiff, Richard Ciccotto, herein sues Defendant, Brevard County Board of County Commissioners d/b/a Space Coast Area Transit ("Defendant" or "County"), for failure to pay overtime wages in willful violations of the overtime pay requirements of the Fair Labor Standards Act (FLSA) and, alleges and says:

**PARTIES**

1. Plaintiff Richard Ciccotto is a resident of Brevard County, Florida.

2. Defendant, Brevard County Board of County Commissioners d/b/a Space Coast Area Transit, is a public agency and governmental entity located in Brevard County, Florida, that employed Plaintiff during the relevant period.

3. Defendant's Board of County Commissioners maintains offices at 2725 Judge Fran Jamieson Way, Viera, Florida 32940. Defendant's Chair of the

Board is Thad Altman, who can be served at 2725 Judge Fran Jamieson Way, Viera, FL 32940.

4. Defendant employed Plaintiff as a transit customer service representative and driver from approximately May 2023 until his termination in approximately April 2026.

## JURISDICTION AND VENUE

5. This Court has original subject-matter jurisdiction because this action arises under the Fair Labor Standards Act ("FLSA"), a law of the United States. 28 USCS § 1331.

6. This action is authorized by the FLSA's private right of action for unpaid overtime compensation, liquidated damages, attorney's fees, and costs. 29 USCS § 216 (2023).

7. This Court has personal jurisdiction over Defendant because Defendant is a Florida governmental entity that employed Plaintiff and committed the acts and omissions alleged in this District.

8. Venue is proper in this District because Defendant resides in this District and a substantial part of the events and omissions giving rise to Plaintiff's claim occurred in Brevard County, Florida. 28 USCS § 1391.

## FACTUAL ALLEGATIONS

9. Defendant employed Plaintiff as a customer service representative and driver for Brevard County Board Of County Commissioners, d/b/a Space Coast Area Transit.

10. Plaintiff's primary duties included providing customer service and transporting seniors, amputees, veterans, and other passengers to their appointments.

11. Plaintiff performed local transportation, customer service, and passenger assistance duties in Brevard County, Florida.

12. Plaintiff did not drive interstate routes or transport passengers across state lines.

13. Plaintiff was paid a fixed salary of approximately $1,564.80 every two weeks.

14. Defendant classified Plaintiff as a salaried, exempt employee and did not pay Plaintiff overtime compensation for hours he worked over forty in any workweek.

15. Defendant did not accurately track or record Plaintiff's actual hours worked as required under 29 CFR part 516.

16. Defendant expected Plaintiff to work as many hours as necessary to complete his assigned duties and responsibilities.

17. Plaintiff routinely worked more than forty hours in a workweek throughout his employment with Defendant.

18. Plaintiff regularly worked through all or part of meal periods or offered meal breaks while performing duties for Defendant and was not provided bona fide, uninterrupted meal periods free from work.

19. Defendant knew or should have known that Plaintiff worked more than forty hours in workweeks because it assigned Plaintiff's duties, required their completion, and received the benefit of Plaintiff's work.

20. Plaintiff was not responsible for managing Defendant's business or a recognized department or subdivision of Defendant.

21. Plaintiff did not have authority to hire, fire, promote, discipline, or make recommendations concerning the employment status of other employees.

22. Plaintiff did not supervise or direct the work of two or more full-time employees or their equivalent.

23. Plaintiff was not a decision-maker for Defendant and did not exercise discretion and independent judgment on matters of significance to Defendant.

24. Plaintiff's primary duties were local transportation, passenger assistance, and customer-service duties, rather than executive, administrative, professional, or other exempt duties.

25. Defendant did not provide Plaintiff with an explanation for treating him as exempt.

26. Defendant is a public agency, and its activities are covered by the FLSA. 29 USCS § 203.

27. Defendant's failure to pay Plaintiff overtime compensation was knowing, willful, and in reckless disregard of Plaintiff's rights under the FLSA.

**COUNT I**
**FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

28. Plaintiff incorporates by reference paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff was Defendant's employee within the meaning of the FLSA during the relevant period.

30. Defendant was Plaintiff's employer within the meaning of the FLSA during the relevant period.

31. The FLSA requires an employer to compensate a covered employee at a rate of not less than one and one-half times the employee's regular rate for hours worked in excess of forty in a workweek. 29 USCS § 207.

32. It is well-settled that employees are presumed to be non-exempt; that is, that they are entitled to overtime at the rate of time and one half their regular

hourly rate for hours worked after 40 each week. *Ale v. Tennessee Valley Authority*, 269 F.3d 680, 683 (6th Cir. 2001).

33. Plaintiff routinely worked more than forty hours in one or more workweeks for Defendant.

34. Defendant knew or should have known that Plaintiff worked overtime hours.

35. Defendant failed to pay Plaintiff overtime compensation for the hours he worked in excess of forty in one or more workweeks.

36. Defendant cannot establish that Plaintiff's actual duties satisfied an exemption from the FLSA's overtime requirements.

37. Plaintiff's local driving and transportation duties did not involve interstate driving or interstate passenger transportation.

38. Defendant's classification of Plaintiff as salaried and exempt, without paying overtime compensation, violated the FLSA.

39. Defendant's conduct here in classifying Plaintiff as exempt from overtime wages under the FLSA was a willful scheme to avoid its pay obligations as required under section 207(a).

40. Defendant knew or should have known that Plaintiff's work does not meet or satisfy the elements of any exemption from the overtime pay requirements of Section 207(a) of the FLSA.

41. Defendant cannot assert or provide a subjective and objective good faith basis under the FLSA for classifying Plaintiff as exempt from overtime pay.

42. Plaintiff is entitled to recover unpaid overtime compensation, liquidated damages, reasonable attorney's fees, costs, and a 3-year statute of limitation period should apply here. 29 USCS § 216.

43. Since Defendant did not comply with the time and record keeping requirements of 29 CFR part 516, Plaintiff may establish the hours he worked solely by his testimony given that Defendant did not properly and accurately record and track his work hours, and the burden of overcoming such testimony shifts to the employer. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

44. Defendant has violated the record keeping requirements of 29 CFR part 516.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Richard Ciccotto respectfully requests that this Court enter judgment in his favor and against Defendant Brevard County Board of County Commissioners d/b/a Space Coast Area Transit and award the following relief:

A. Unpaid overtime compensation in an amount to be determined at trial;

B. Liquidated damages equal to the amount of unpaid overtime compensation;

C. A determination that Defendant's violations of the FLSA were willful;

D. Reasonable attorney's fees and costs of this action pursuant to 29 USCS § 216; and

E. Such other and further legal or equitable relief as the Court deems just and proper.

Respectfully submitted November 20, 2026 by,

*/s/ Mitchell L. Feldman, Esq.*
**Mitchell L. Feldman, Esq.**
Florida Bar No.: 0080349
Feldman Legal Group
12610 Race Track Road, Suite 225
Tampa, FL 33626
(P) 813-639-9366
(F) 813-639-9376
mfeldman@flandgatrialattorneys.com
mail@feldmanlegal.us
*Lead Attorney for Plaintiff*